Kathleen A. McCallister
Chapter 13 Trustee
P.O. Box 1150
Meridian, ID  83680
(208) 922-5100 - Telephone
(208) 922-5599 - Facsimile
kam@kam13trustee.com

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF IDAHO

| IN RE: | CHAPTER 13 |
|---|---|
| LISA MARIE PHILLIPS | CASE NO.  21-40646-JMM |

## TRUSTEE'S AMENDED OBJECTION TO CONFIRMATION

NOW COMES Kathleen A. McCallister, the standing Chapter 13 Trustee for the United States Bankruptcy Court for the District of Idaho and as for her Objection to Confirmation of Debtor(s) plan states as follows:

| | | |
|---|---|---|
| 1. | Debtor(s) filed for Chapter 13 relief on: | 11/09/2021 |
| 2. | The §341(a) Meeting of Creditors held on 1/3/2022 was: | ☒ Concluded<br>☐ Taken off calendar<br>☐ Continued to |
| 3. | Discharge: | ☒ Debtor(s) are eligible for a discharge.<br>☐ Debtor(s) are not eligible for a discharge in this case.<br>☐ Other: |
| 4. | Plan Payments: | ☒ Debtor(s) are current on their plan payments.<br>☐ Debtor(s) are delinquent in their plan payments in the amount of:<br>☐ Debtor(s) are currently making plan payments pursuant to a wage deduction order. |
| 5. | Trustee objects to confirmation of the Chapter 13 Plan filed 12/7/21 for the following reasons: | ☐ Chapter 13 Plan unfairly discriminates against a class of general unsecured claims [11 USC § 1322(b)(1)].<br><br>☐ Debtor(s) plan fails to provide for the following secured debt(s): |

| | | |
|---|---|---|
| | | ☐ The proposed Chapter 13 Plan is not feasible as the debtor(s) lacks sufficient regular income [11 USC § 109(e)].<br>☐ The proposed Chapter 13 Plan is underfunded in the amount of:<br><br>☐ Notice is insufficient pursuant to Bankruptcy Rule 7004 for the following creditor(s):<br><br>☒ Plan fails to provide for full payment of the following claims entitled to priority as required by 11 U.S.C. § 507(a)(1)(B): ISTC claim is 3542, per plan only $1586<br><br>☒ The proposed Chapter 13 Plan fails to meet liquidation value [11 USC 1325 (a)(4)] due to: Debtor testified that she gave her adult daughter approximately $4,000 in the two years prior to filing to help her daughter and grandchildren. Debtor was insolvent at the time of the transfers. Her daughter and grandchildren are not dependents of the debtor.<br><br>☒ Other: Paragraph 2.4 and 8.1 propose that debtor will pay into the plan garnished funds less amounts refunded to the debtor. In paragraph 8.1 Debtor indicates the sum of $3210.70 was garnished from the debtor in the 90 days prior to filing and that $1000 would be turned over to the debtor first with remainder paid to Trustee. Trustee objects as the plan fails to state how the funds are to get to the Trustee. The Debtor is not in a position to file an adversary and trustee is not required to file an adversary to recover the funds. There is no basis to refund $1,000 to the Debtor.<br><br>Trustee has received the sum of $813.49 from pre-petition garnishments that should be paid into the plan in addition to the plan payments |
| 6. | The following creditor(s) objections will need to be resolved prior to confirmation: | Objection to Confirmation filed by: |
| 7a. | <u>Income and Expenses</u><br><br>The proposed Chapter 13 plan fails to provide that all of debtor(s)' projected disposable income to be received during the applicable commitment period will be applied to make payments to unsecured creditors | ☒ Unreasonable expenses: transportation of $684 per month is excessive and exceeds IRS allowances.<br><br>Debtor claims the auto insurance is $200 per month. Debtor alleges that she pays all the auto insurance for her and her boyfriend. The auto insurance policy is $791.36 for 6 months or an average of $132 per month is overstated. Additionally, the premium includes $375.79 for a 2005 Chevy Truck her boyfriend owns and drives, $308.60 for a |

|  |  | under the plan, [11 USC §1325 (b)(1)(B)] | 2011 GMC Yukon her boyfriend owns and debtor drives and $106.97 for a 2005 Scion her boyfriend owns.  The portion for the vehicle Debtor drives actually averages $51.43 per month. |
|---|---|---|---|
|  |  |  | Per her cell phone bill of $228.45 per month, this single debtor is paying for 5 lines and 5 handsets plus 2 protection plans. Per the T-Mobile bill it is on auto pay but no payments come out of debtor's bank account for this expense.  Trustee has not received the entire bill to see whose name is on the account. |
|  |  |  | All expenses for the Debtor's boyfriend who is not a party to this case.  Debtor's boyfriend receives social security income to pay his own expenses in the amount of $1990 per month but only contributes $13 of his social security income to the household.  While a debtor does not need to use their own social security income to fund her plan, the bankruptcy code does not protect a non-filing individual from having to pay his own expenses from his own income.  It is not up to Debtor's creditors to support her boyfriend while he sets $1,977 per month aside for his personal use.  Debtor is proposing to pay all of her boyfriend's expenses but $348. |
|  |  |  | It is also unclear if her boyfriend receives any retirement income since the Debtor testified that her boyfriend made a lot of money until he had health issues in 2020. |
|  |  |  | ☒  Tax Refunds should be paid into plan in addition to plan payments. Debtor proposes to not turnover tax refunds but has not included them in her schedule I income.  Tax refunds should be paid into the plan |
|  |  |  | ☐  Debtor(s) are contributing to voluntary retirement accounts. |
|  |  |  | ☒  Debtor(s) are paying secured claims directly, plan payments will need to increase once the following secured claims have been paid in full: Making her boyfriend's car payments.  Need to determine how many payments are remaining. |
|  |  |  | ☐  Debtor or co-debtor is unemployed/underemployed; Debtor(s) will need to file an amended Schedule I if there is a change. |
|  | 7b. | Form 122C: | ☐  <u>It cannot be determined if above or below median income for the following reason(s):</u> |

|   |   |   |
|---|---|---|
|   |   | ☐ Need proof of income for 6 months prior to filing.<br>☐ Number in household in question<br><br>☐ <u>Below Median Debtor(s):</u><br>　☐ Excess per I/J = $*<br>　　Plan payments only　$*<br>　☐ Other:<br>☒ <u>Above Median Debtor(s):</u><br>　☒ Plan proposed is not 60 months.<br>　☐ Plan payment is insufficient – debtor(s) are not meeting the disposable income requirement of Form 122C.<br>　☐ Following expenses are inconsistent between schedules I/J and Form 122C:<br>　☒ Following lines are incorrect on Form 122C: Debtor has a household of one since she has no dependents. She lives with her boyfriend but he is not a dependent. According to schedules I and J her boyfriend's contribution to the household is $348 per month. The Debtor pays his mortgage, his homeowner's insurance, his car payment, his food, all utilities and his vehicle insurance. He is not a dependent of the Debtor or listed on her tax returns.<br><br>☒ <u>Amended Form 122C is required</u>. |
| 8. | Trustee is missing the following documentation, or the documentation provided is incomplete: | ☒ Proof of expenses required: Boyfriend's car payment and duration. Boyfriend's homeowners' insurance being paid by debtor, heat and electric of $375 per month, internet and cable expenses, water, sewer garbage $124 per month (utilities of $789 exceed IRS allowance of $449 per month).<br><br>A review of the bank statements provided thus far are wholly different than debtor's schedule J and do not show payments for rent or mortgage, auto insurance, utilities and cell phones. They only show store purchases and cash withdrawals.<br><br>☐ Proof that the Debtor(s) filed the last 4 years of tax returns pursuant to 11 USC § 1307(e). Trustee is missing tax returns for:<br><br>☐ Paycheck stubs or proof of current income– Trustee is missing:<br><br>☒ Divorce decree(s) and/or child support order(s). Debtor supplied a partial copy of the petition but not the judgment. |

| | | |
|---|---|---|
| | | ☒ Bank statements from the date of filing and the 90 days prior to filing. Trustee is missing the following statements: Prepaid cash app (Greendot) and prepaid Centurion Amex debit account – Serve account from 10/23/21 through the date of filing.<br>☒ Transportation of $642 per month is excessive. Debtor should only pay for herself and limited to $242 per month, her boyfriend has the ability to pay for his own transportation expenses. The total amount actually exceeds the allowance for two people.<br><br>☒ Installment contracts for all secured claims to be paid through paragraphs 3.1 or 3.3 of the plan. Automobile<br><br>☒ Other: Trustee is concerned debtor changed her name in September 2021, about 60 days prior to filing. Not many creditors have filed claims. |
| 9. | If the Debtor(s) are self-employed: | ☐ Trustee will request that the Debtor(s) provide periodic business reports as a confirmation requirement over the term of the plan. |
| 10. | Income appears to be overstated or understated per the Trustee's calculations: | Income is different for<br>☐ Debtor: |
| 11. | The following Schedules and/or Forms will need to be amended: | ☒ Schedules A/B: list ring valued at $2,000.<br>Correct the reference to the class action suit to reflect that in fact debtor has filed a proof of claim in a bankruptcy proceeding for Purdue Pharma requesting $1,000,000 in one place and Compensatory damages of $968823.11 and punitive damages of $3,500,000 in another. Any recovery should be turned over to the trustee for the benefit of unsecured creditors.<br>The cell phone bill is for 3 voice lines and two wearables, the equipment charge is for 5 handsets and 3 accessories and there are two protection plans but debtor lists no cell phones, wearables or devices that she owns.<br>☐ Schedule C:<br>☐ Schedule D:<br>☐ Schedules E/F:<br>☐ Schedule G:<br>☐ Schedule H:<br>☒ Schedules I/J:<br>☒ Statement of Financial Affairs: List the transfers that Debtor testified to in particular that she gave her adult daughter approximately $4,000 in the two years prior to filing to help her daughter and grandchildren. Debtor was |

|     |                                      |                                                                                                           |
| --- | ------------------------------------ | --------------------------------------------------------------------------------------------------------- |
|     |                                      | insolvent at the time of the transfers.  Her daughter and grandchildren are not dependents of the debtor. |
| 12. | Attorney's fees and Filing Fees:     | ☐ Plan indicates a Model Retention Agreement case but no such agreement has been filed with the court.    |

WHEREFORE, the trustee objects to confirmation of the Chapter 13 Plan for the foregoing reasons.

DATED:  January 4, 2022

       /s/  *Kathleen McCallister*
       Kathleen McCallister, Trustee

# CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on January 4, 2022, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Office of the U.S. Trustee
ustp.region18.bs.ecf@usdoj.gov

HOLLY HENSON
**Attorney at Law**
hhenson@recoverylawgroup.com


AND I FURTHER CERTIFY that on such date I served the foregoing on the following non CM/ECF Registered Participants in the manner indicated:

Via first class mail, postage prepaid addressed as follows:

**LISA MARIE PHILLIPS**
**245 EAST MAIN STREET**
**WENDELL, ID 83355**

                                                            /s/  *Kathleen McCallister*
                                                          Kathleen McCallister, Trustee